## THE STATE v. THE JUDGE OF THE COMMERCIAL COURT OF NEW ORLEANS.

Plaintiffs having issued execution against defendants, took a rule on the latter to show cause why they should not be ordered to produce their books, that plaintiffs might inspect them. The rule was made absolute, and the sheriff ordered to seize the books. On an application by defendants for a writ of prohibition: *Held*, that if they had sustained or apprehended irreparable injury, their remedy was by appeal.

RULE on the judge of the Commercial Court of New Orleans, *Watts*, J., to show cause why a writ of prohibition should not be issued.

*Micou*, for the applicants.

MARTIN, J. On an affidavit of the defendants in the case of *Ormsby and others* v. *Bedford and another*, that the plaintiffs, who had obtained a judgment against them in the Commercial Court and issued execution thereon, had taken a rule on them to show cause why they should not produce their books of account, that the plaintiffs might inspect them—that the rule had been made absolute, notwithstanding the opposition of the defendants— and that, in pursuance thereof, an order had been issued to the sheriff commanding him to seize forthwith the said books, this court granted a rule on the judge, commanding him to show cause why a writ of prohibition should not issue to prevent the execution of the said order.

The judge has shown for cause, that, imprisonment for debt having been abolished, creditors have been authorized to garnishee the debtors of their debtors, to put interrogatories to them, and, on ascertaining the amount due to their own debtors, to have execution therefor. That the Commercial Court considered the proceedings before it in the nature of a bill of discovery, by which the plaintiffs sought to find out the debtors of their debtors, in order that they might be proceeded against. That the defendants having refused to bring their books into court, he thought the plaintiffs were entitled to the order issued to the sheriff. That on a bill of discovery, if the defendant refuse to name his debtors, he may be imprisoned. That he has always been opposed to constructive contempts, but considers that it is as much his duty to

devise remedies for cases unprovided for, as to lay down rules of right where the law is silent; and that the twenty-first article of the Civil Code applies equally to matters of remedy as to those of right. That the Commercial Court, being a court of equity as well as of law, may devise and frame writs of execution and other orders, to accomplish the final purposes of justice.

It does not appear to us that the present case is one in which we are legally authorized to interfere. If the defendants have sustained an irreparable injury by the order for the production of their books, or if, in the ulterior proceedings, they apprehend such an injury, they may be entitled to relief at our hands by an appeal.

*Rule discharged.*